

**FILED & ENTERED**

**AUG 14 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Remy      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Yusuf Bey, Jr.<br><br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  1:13-bk-14661-MT<br>Adv No:   1:14-ap-01027-MT |
| Pedro  Castillo-Gonzales<br><br>Plaintiff(s),<br>   v.<br><br>Yusuf  Bey<br><br>Defendant(s). | **MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT**<br><br><br>Date:        August 20, 2014<br>Time:        1:00 PM<br>Courtroom:  302 |

Debtor Yusuf Bey Jr. ("Defendant") filed a chapter 7 petition on July 12, 2013.
Defendant's 341(a) meeting was scheduled for August 12, 2013.  Notice of the 341(a) was
given to Plaintiff, Pedro Castillo-Gonzales (a scheduled creditor) on July 17, 2013.  The
deadline for objection to discharge was set for October 11, 2013.  On that date, Plaintiff filed a
Third Party Complaint in the main bankruptcy case (the "Third Party Complaint").  This was an
incorrect filing, objecting to discharge.  A filing fee was not paid, a summons was not issued,
and a hearing date was not set.  Plaintiff did not contend that Defendant received notice of this
filing.  The court record and standard noticing procedures, however, show that Defendant's
bankruptcy counsel received notice of electronic filing via NEF.

1

2      Defendant received a discharge on October 21, 2013.  Notice of the discharge was sent

3   to Plaintiff on October 23, 2013.  On October 28, 2013, Plaintiff was notified by the clerk that he

4   incorrectly filed an objection to discharge, without a filing fee; he was instructed that a motion to
    vacate or set aside discharge and a complaint objection to discharge needed to be filed.

5   Plaintiff then filed an adversary complaint on January 30, 2014.

6

7      On February 12, 2014, Defendant filed a Motion to Dismiss under FRCP 12(b)(6) (the
    "MTD").  Defendant argued in the MTD that the deadline for objections to discharge had passed

8   when Plaintiff properly filed its adversary complaint on January 30, 2014.  Defendant contended

9   that the Third Party Complaint was an improper filing and did not constitute a valid adversary

10  complaint.

11

12     In opposition, Plaintiff claimed the failure to timely file his adversary complaint was due
    to mistake, inadvertence, surprise or excusable neglect of the filing attorney, who selected the

13  incorrect event code during electronic filing.  Opposition to MTD, 6:10-14.  As a result of

14  selecting the incorrect event code, Plaintiff was not prompted to make a payment for the

15  required filing fee.  Id. at 6:13-17.  This caused the failure of the adversary complaint to be
    properly filed.  Id.

16

17     Plaintiff argued in the Opposition to the MTD that the discharge should be vacated, but

18  he has made no such motion.  While Plaintiff urged the Court to vacate the discharge under 11

19  U.S.C. § 105, given that Plaintiff had notice of the entry of discharge on October 21, 2013 and
    has not himself brought such a motion over four months later,  it is not appropriate to take *sua*

20  *sponte* action. This action is also not necessary if the adversary proceeding is prosecuted

21  properly from here forward.

22

23     In the Opposition, Plaintiff did not address the requirements of Fed. R. Bankr. P. 4007

24  and Fed. R. Civ. P. 7015, or any law applicable to this issue.  Defendant however, did address
    Fed. R. Bankr. P. 4007, but not whether the relation back applies here under

25  Fed. R. Civ. P. 15(c).

26

27     Plaintiff argued that the MTD had procedural defects.  Plaintiff referred, however, to the

28  local rules for the district courts in the Central District of California, as opposed to the local
    bankruptcy rules.  Bankr. C.D. Cal. R. 9013-1(d)(2) requires the notice of motion and motion be

filed and served not later than 21 days before the hearing date (as opposed to the 31 day requirement in district court).  Plaintiff stated that the MTD was filed "21 days before the hearing [was] scheduled."  Opposition to MTD, 3:14.  Plaintiff also incorrectly cites to the local district court rules in arguing that Defendant failed to confer with counsel prior to filing the motion; there is no such requirement in Local Bankruptcy Rules.  These objections were overruled and counsel was ordered to review the local bankruptcy rules in full before proceeding further with this case.

A hearing on the MTD was held on March 26, 2014, wherein counsel for Plaintiff and Defendant appeared.  It was the Court's belief that Plaintiff's adversary complaint "related back" to the Third Party Complaint that was timely-yet-incorrectly filed in the bankruptcy case.  Defendant argued at the hearing that the relation back doctrine under Fed. R. Civ. P. 15(c) affects only "amendments" to pleadings, and does not apply in situations such as this, where a party timely files a pleading and then files an untimely complaint.  The Court ordered supplemental briefing on the question raised by Defendant of whether the "relation back" doctrine under Fed. R. Civ. P. 15(c) applies only to amendments.

Defendant's supplemental brief on the question was not illuminating.  On the issue of whether Fed. R. Civ. P. 15(c) applies, Defendant argued that the plain language of the statute, "when an amendment relates back…" made clear that the rule applies only to amendments and not here, where Plaintiff filed the nearly the exact same pleading.  Defendant states that he is "aware of no case law supporting a more expansive interpretation of this Rule."  It is Defendant's position that because there was no amendment (i.e., a change in the pleading), Rule 15(c) simply does not apply.

Plaintiff argued in his supplemental brief that, in the bankruptcy context, the Ninth Circuit construes deficient pleadings liberally if the pleading substantially complies with the requirements of a complaint by giving the debtor fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1508 (9th Cir. 1995) (internal citations omitted).  Plaintiff also cited cases from the Sixth Circuit, S.D. Ohio, N.D. Alabama and New Jersey to support his position.  Plaintiff also explained that the nearly three-month delay between when he filed the non-conforming pleading and the adversary complaint was due his counsel having to care for counsel's mother who was recovering from surgery prompted by breast cancer and complications therefrom.

**Discharge Time Requirement**

11 U.S.C. § 523.  Exceptions to discharge

    (c) (1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Federal Rule of Bankruptcy Procedure 4007. Determination of Dischargeability of a Debt:

    (c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, chapter 12 family farmer's debt adjustment case, or chapter 13 individual's debt adjustment case; notice of time fixed

    Except as otherwise provided in subdivision (d) [applicable only in Chapter 13], a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

**Rule 4007(c) and 9006(b)**

    Rule 9006(b)(1) states, "the court for cause shown may at any time in its discretion … on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  The Rule specifically states that the court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [that] rule[]."  Rule 9006(b)(3).  Rule 4007(c) and Rule 9006(b)(3) combine to prohibit retroactive extensions of the deadline based on excusable neglect.  *See* In re Hill, 811 F.2d 484 (9th Cir. 1987).  Thus, Plaintiff's request to extend the deadline based on Rule 9006(b) is without basis.

//

//

**Substantial Compliance & Relation Back**

Plaintiff's filing of the Third Party Complaint on the bankruptcy case docket may still be evaluated under the relation back doctrine.  Fed. R. Civ. P. 15(c) provides that:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
  (A) the law that provides the applicable statute of limitations allows relation back;
  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
  (C) the amendment changes the party or the naming of the party against whom a claim is asserted…

The rationale "of allowing an amendment to relate back is that once a party is notified of litigation involving a specific factual occurrence, the party has received all the notice and protection that the statute of limitations requires."  10 Collier on Bankruptcy P 7015.06 (Alan N. Resnick & Henry J. Sommer eds., 16th Ed. 2014), (citing 3 Moore's Federal Practice, § 15.19[1] (Matthew Bender 3d ed.)).

Fed. R. Bankr. P. 4007(e) states: "A proceeding commenced by a complaint filed under this rule is governed by Part VII of the rules."  Fed. R. Civ. P.  3, 7, 8 and 15, addressing pleading requirements and effect, apply to adversary proceedings in bankruptcy.  *See* Fed. R. Bankr. P. 7003, 7007, 7008 and 7015.  Rule 3 provides that an action is commenced by the filing of a complaint with the court.  To preserve its claim, Plaintiff was required to commence an action by filing a complaint on or before the October 11, 2013 bar date.  The adversary complaint filed on January 30, 2014 can only relate back to the original filing date of a *pleading*.  Fed. R. Civ. P. 15.  Of the types of pleadings allowable under Rule 7(a), the only one applicable is a complaint.  Plaintiff's Third Party Complaint meets the Rule 8(a) requirements of a complaint.  It contains a short and plain statement of the claim for relief, which includes a demand for judgment for the relief Plaintiff seeks.

The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Classic Auto Refinishing v. Marino (In re Marino),

37 F.3d 1354, 1357 (9th Cir. 1994) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Consequently, "all pleadings shall be construed so as to do substantial justice." Id. (citing,

Conley v. Gibson, 355 U.S. at 48 (quoting Fed. R. Civ. P. 8(f))).  Under the view of flexible

construction, the rules governing the form of pleading should be liberally construed, and motions

to dismiss complaints based on pleading errors are to be disfavored. In re Jagitsch, 201 B.R.

961, 963 (Bankr. E.D. Ark. 1996).  Courts adopting this view ignore the deficient format of the

pleadings and instead focus on the substance of the document in determining whether the

pleading substantially complies with the required elements of Fed. R. Civ. P. 8 – the most

important element being the adequacy of notice.  See In re Marino, 37 F.3d at 1357-58 (holding

that notice of the nature of the relief claimed is the primary criterion in determining whether a

deficient pleading constitutes a complaint under Rule 7008).

The reasoning of the Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") in a

recently decided, unpublished opinion helps to define the focus of the inquiry on the issue of

when application of the relation back doctrine is appropriate.  In Miyasaki v. Lui (In re Lui), the

issue before the BAP was whether the bankruptcy court erred by deciding that the substantial

compliance and relation back doctrines did not make the appellant's complaint timely.  Miyasaki

v. Lui (In re Lui), 2014 WL 904587 (B.A.P. 9th Cir., March 7, 2014).

The BAP stated that, although untimely, a bankruptcy court may consider a

nondischargeability complaint timely based on the doctrines of substantial compliance and

relation back of amended pleadings. Classic Auto Refinishing, Inc. v. Marino (In re Marino), 37

F.3d 1354 (9th Cir. 1994) (finding no substantial compliance); In re Dominguez, 51 F.3d 1502

(9th Cir. 1995) (finding substantial compliance and relation back); Markus v. Gschwend (In re

Markus), 313 F.3d 1146 (9th Cir.2002) (finding no substantial compliance).

The BAP's application of these doctrines to the underlying facts in each of the foregoing

cases is instructive. In Marino, the pleading to which the plaintiff wanted the untimely complaint

to relate back was an "Opposition to Sale" filed in the bankruptcy case before the bar date.

Marino, 37 F.3d at 1357. In Dominguez, the pleading at issue was a "Memorandum re

Relationship between Order Confirming Trustee's Plan and Debtor Discharge." Dominguez, 51

F.3d at 1510.  In Markus, the pleadings was a "Motion to Object to Debtors [sic] Discharge and

Convert the Chapter 7 Case to Chapter 13." Markus, 313 F.3d at 1150-51.  Thus, from the

review of the applicable case law in the Ninth Circuit, Plaintiff's argument that the relation back

doctrine under FRCP 15(c) affects only "amendments" to pleadings, and does not apply in

1  situations such as this where a party timely files a pleading and then files an untimely complaint

2  is without merit.

3

4      Plaintiff's Third Party Complaint is liberally construed and found sufficient to be a

   complaint, despite the technical defects surrounding the improper filing.  Defendant's

5  bankruptcy counsel was given notice of the filing through NEF and was put on notice of the

6  objection to discharge.  *See* <u>Estate of Hildreth v. Dunaway (In re Dunaway)</u>, 346 B.R. 449, 455-

7  56 (Bankr. N.D. Ohio 2006) (denying motion to dismiss complaint although objection was filed in

   main bankruptcy case rather than as separate adversary proceeding, finding no prejudice to

8  defendants as the complaint, having been initially filed in the main case, afforded them notice of

9  the action).

10

11     A complaint that was filed on time, even where there are technical errors or the filing fee

   must still be paid, can suffice where there is essential compliance with the filing deadline.  *See*

12 <u>In re Rutherford</u>, 427 B.R. 656 (Bankr. S.D. Ohio 2010) (complaint filed before bar date is

13 timely, even where filing fee not paid); <u>In re Bryan</u>, 261 B.R. 240 (9th Cir. 2001) (timely placing a

14 copy of complaint in clerk's drop box sufficient); <u>Bank of Winona v. Butler (In re Butler)</u>, 237 B.R.

15 611 (Bankr. N.D. Miss. 1999) (complaint mistakenly filed with District Court clerk within bar date

   could be deemed timely pursuant to Fed. R. Bankr. P. 5005(c) even though not delivered to

16 bankruptcy court clerk until after bar date).  Here, the Third Party Complaint was on file and

17 notice was given by the bar date, although it was filed on the wrong docket due to a coding

18 error.

19 //

20 //

21

22 //

23

24 //

25 //

26

27 //

28

   //

1

2

3          The pleading that was filed on October 11, 2013 was titled "Complaint to Determine

4  Dischargeability and In Objection to Discharge" and contained enough detail to clearly put

5  Defendant on notice that Plaintiff was objecting to discharge under § 523(a)(6) of a debt he

6  alleges is owed to him.  Plaintiff also made allegations as to the ineligibility of Defendant's

7  related dba entities under § 727(a)(1).  There is no doubt as to what was Plaintiff's purpose in

8  filing the Third Party Complaint, and the timely pleading in this case is closer to the documents

9  in Dominguez than in Markus and Marino.  Under FRCP 15(c), the January 30, 2014 adversary

10  complaint relates back to the October 11, 2013 Third Party Complaint, and thus was timely filed.

11  Defendant's Motion to Dismiss is DENIED.  The continued hearing on the MTD, set for August

12  20, 2014, is VACATED.  Plaintiff to lodge order within 7 days.

###

13

14

15

16

17

18

19

20

21

22

23

24

25      Date: August 14, 2014

Maureen A. Tighe
United States Bankruptcy Judge

26

27

28